Good morning, and may it please the Court. My name is Amy Nickerson, and I'm a student at the UCLA School of Law, Ninth Circuit Clinic, appearing on behalf of Petitioner. Together, Carlos Lazatin and I are pro bono counsel for Mr. Garnica. We'll be splitting our time evenly and would like to reserve a minute for rebuttal. I will be discussing whether the two offenses at issue qualify. You know, your generation talks too fast. We're a little more deliberative. I will be discussing whether the two offenses at issue qualify as crimes involving... I have that problem with all my law clerks. You're going to be around, I predict... Fifty years. No, far more than 50 years. When the... What century is this? When the 22nd century rolls around. So there's a lot of stuff ahead of you. Fair enough. The BIA found that my client... Take it from an old brook. Go ahead. The BIA found that my client was removable on grounds that he had been convicted of two crimes involving moral turpitude. This finding was error and should be reversed for the following three reasons. One, the first predicate offense, corporal injury in violation of section 273.5, is not a categorical crime of moral turpitude because the statute encompasses some conduct that is not morally turpitudinous. This was precisely the holding in Morales-Garcia, a case that this court decided less than a year ago. Morales-Garcia is squarely on point and it is determinative of the first count in this case. This alone is sufficient grounds for removal because the government was required to prove that both predicate offenses were crimes involving moral turpitude. But even though the court need not reach the question of whether the second offense qualifies as a crime of moral turpitude, were it to do so, it should also conclude that assault with a deadly weapon in violation of section 245A1 was not a crime involving moral turpitude. This court held in Carr that assault with a firearm, which is virtually indistinguishable from my client's conviction, was not a categorical crime. Counsel, if we don't rule on both issues, is the second circumstance open in the event he commits some other crime that would permit the government to use the second crime here and the other crime to constitute two crimes and allege they're with moral turpitude? My understanding is that the government would have to bring an entirely separate removal proceeding. I'm not certain whether – Yes. What I'm saying is, are you waiving the fact that the second may not be – not qualify? No, Your Honor. Our argument is that both offenses – neither offense here qualifies as a crime involving moral turpitude. My point was just – I hope you want to be careful of what you do in terms of future consequences. Yes, Your Honor. But – So if you can argue that they both don't qualify, you're in better shape than if you argue that just one doesn't qualify? Yes, Your Honor, and that's what we argued in our briefs. My point was merely that the government needs two crimes here, not just one. You see, in oral argument, you may be giving away the other half of the case, and that's what I'm concerned about. Well, we don't concede that in any event, Your Honor. So while we argue that neither crime qualifies as a crime of moral turpitude under the categorical approach, we'd also like to point out that the government has failed to meet its burden under the modified categorical approach as well. Nothing here in the record of conviction demonstrates, by clear, convincing, and unequivocal evidence, that Mr. Garnica was convicted of two crimes involving moral turpitude. Now, I'd like to go back to the first point as to why Section 273.5 is not a categorical crime involving moral turpitude. There are three reasons why this statute is overbroad and, therefore, encompasses some conduct that is not morally turpitudinous. The first was what this Court held in Morales-Garcia, that it includes assaults against former cohabitants. This is a category of victims that lacks the special relationship of trust this Court found was necessary to make an otherwise simple assault rise to the level of a morally turpitudinous offense. The second reason the statute is overbroad is that it doesn't require a specific intent to injure. And the third reason is that it doesn't require a substantial injury requirement. For all these reasons, the statute is not categorically a crime of moral turpitude. And for similar reasons, the second offense, assault with a deadly weapon in violation of Section 245A1, is also not a categorical crime of moral turpitude. That statute requires neither a specific intent to injure nor actual injury, which are elements that this Court has held time and time again are required to find moral turpitude. I'd also like to address briefly the government's contention that Morales-Garcia does not control this case. And instead — You know, one of the things that you want to do is, I think, is because the people sitting out in the back, they don't have the slightest idea what we're talking about, do they? You know, so you have here a case of a 40-year-old man who's lived in the United States since he was three years old. And he's been a lawful permanent resident for the past 21 years. He has three U.S. citizen children, and his brother and sister are both U.S. citizens. His parents, his aunts, six of them, five uncles, are lawful permanent residents. He has no family in Mexico. Is that correct? That's correct, Your Honor. At this point, I'd like to give my colleague a chance to address the remand issue. Thank you. What issue? The issue of remand and why the remand is appropriate in this case. Thank you. Thank you, Your Honors, and may it please the Court. My name is Carlos Lazatin. I represent Petitioner Mr. Garnica, and I will be addressing the government's argument for remand. The government is not entitled to represent its case below for three reasons. Are you a UCLA student? No, Your Honor. I'm with O'Melveny & Myers. What? I'm with O'Melveny & Myers. I'm an attorney at O'Melveny & Myers. That's where you got the low voice, huh? The government is not entitled to represent its case for three reasons. First, the government has already moved for remand once in this appeal, and the appellate commissioner in this case denied that motion three months ago. The government points to nothing new that would compel a different conclusion today. Second, Your Honors, this Court's controlling, en banc decision in Fernandez-Ruiz rejects the very reasons for remand proffered by the government again here and demonstrates why remand is both unnecessary and inappropriate. And third, the government's own arguments with respect to the Morales and the Brigada cases demonstrate why this Court, not the BIA, should be deciding the critical determinative legal questions at issue in this appeal. I'd like to turn, if I could, Your Honor, to the Fernandez-Ruiz case, the en banc case, and explain why that case controls the remand analysis in this appeal. That case, like this case, involved the question of whether a domestic violence conviction rendered an alien deportable. That case, like this case, involved the BIA performing the categorical approach, but not the modified categorical approach. That case, like this case, involved an issue of intervening law that came down after the BIA proceedings were over. And that case, like this case, had the government requesting remand in order for the government, or excuse me, in order for the BIA to conduct the modified categorical analysis. And this Court held, en banc, that that was not necessary and was not appropriate to remand. This Court went on to conduct the modified categorical approach itself, and this Court went on to find that the conviction at issue could not justify the alien's removal. Counsel, did the en banc Court have a statutory base for its decision? It seems to me the first case we had today, I'm getting an answer that's about 180 degrees from where you are. A statutory basis for the remand? Yeah. No, I don't believe there was a statutory basis. Was it discretionary with the Court? The question of whether remand is appropriate, I believe, is discretionary with the Court. However, the Court's decision in Fernandez-Ruiz lays out the most complete exposition of the factors that this Court ought to consider in deciding whether or not remand is appropriate. Those included whether there's any new evidence that could be developed below, whether there was the BIA had already addressed whether the person was removable, and it did, even though it was only under the categorical approach, whether the evidence that was in the record was unambiguous, that also was the case here. There's no way you can read any of the documents that the government put in to suggest that the that there was the requisite relationship here. I see that my time has nearly expired, and I'd like to reserve a minute, if I could, for rebuttal. Good morning, Your Honors. May it please the Court, Lauren Passett for the Respondent representing the United States Attorney General. Could you address the remand question whether it's mandatory or not? Yes, absolutely. Remand here is mandatory and is consistent with this Court's holding and exactly what this Court did in Morales-Garcia. Morales-Garcia came out after the Board's decision here, and in that case, the Court here said that they were making the statute 273.5A for corporal injury divisible, and that not every relationship listed is necessarily categorically a crime involving moral turpitude. And they specifically remanded for the Board to figure out what the relationship was involved in the alien's crime there. And then the next step is for the Board initially to consider the relationship, I'm sorry, the nature of the relationship that they discover. So here, this Court must remand for the Board to first determine what the relationship was here, and then to assess the nature of that relationship and decide whether that conduct, based on that relationship of trust or dependency, is a crime involving moral turpitude. And that decision then should be given deference. But here, the Board needs the opportunity in the first instance to consider this issue, and that is exactly what this Court did in Morales-Garcia and specifically emphasized that it's appropriate to remand in a situation like this. Here, before the Board, at the time the Board made its decision, it relied on circuit precedent in Gregata, which, although dealt with a spouse, did not say that the statute was divisible and did not go to a modified categorical approach. At that time, the Court said a conviction under Section 273.5a was categorically a crime involving moral turpitude. The Board made its decision based on that. When Morales-Garcia came out, this Court sort of limited Gregata without overturning it, saying that, well, there it dealt with a spouse, and that was categorical because there's this relationship of trust and dependency. Then the case in Morales-Garcia dealt with a cohabitant, and while it appears that that was clear, the Court still reamended to the Board to consider the nature of that cohabitant's relationship and see if there was one of trust and dependency or if it was a very casual, brief cohabitation. And that is what this Court should do here. While the record does have some evidence that the victim in this case was the mother of the petitioner's children, even with that, it still needs to be remanded for the Board to consider the nature of that relationship and decide, most likely, that that corporeal injury on that victim-perpetrator relationship would be a crime involving moral turpitude. So that gives the Board, as they say, two book bites at the apple. No, because nothing is going to be relitigated here. Here it's just that under the way that the Court deals with criminal convictions is first to look at the categorical approach. If it's not a categorical match, then it needs to be assessed under the modified categorical approach. But beyond that, if there are this concept that the Supreme Court discussed in Mijuan, an aggravating factor or a circumstance-particular fact that needs to be looked at, which would be like the nature of this relationship, and then to be assessing this nature and seeing if it is morally turpitudinous, that is something that the Board needs to decide. And this is not relitigating the conviction itself. This is looking at this sort of nebulous term that is all over the place on what exactly is morally turpitudinous conduct. And in Kawashima, this Court specifically discussed how remand is required when there's this aggravating factor concept, so that the agency can determine in the first instance what additional types of evidence it may consider. Let me ask you this. Aren't we in as good a position as the Board to deal with the interpretation of a penal statute? When it comes to a penal statute or the criminal statute, yes, this Court looks at that de novo. But the concept of moral turpitude is an immigration term. And assessing whether conduct is morally turpitudinous is something that the Board is – the delegation is there for the Board to do that in the first instance. And their interpretation of their statute – The question is whether the person who's accused or who's committed a certain crime, whether that crime qualifies as a crime of moral turpitude, whether it's base and vile and all the rest of it. Correct. And this Court should look at what are the elements of the conviction. And as the Court found in Gregada and Morales-Garcia, under certain circumstances, depending on the relationship, it would be morally turpitudinous conduct. So this Court laid out that the relationship is very important to know. So what you're saying is that the BIA would not interpret the state penal code but would be looking at the immigration laws? Well, sort of. The statute lists these various relationships. And this Court has discussed in Morales-Garcia that some relationships may involve morally turpitudinous conduct on its face when it's a spouse or the parent of one's child. But other relationships, like the cohabitant, might not. But when this matter was heard before the BIA, whether conduct was morally turpitudinous or not, that was an issue, wasn't it? It was. And all that the government did was just introduce the notes of the clerk of the court. Well, at the time... That's what they did, right? Sure. Yeah, but that's not the way. First of all, if you're going to show the existence of a conviction, you bring in a certified copy of a judgment of conviction. There are conviction records that clearly show he was convicted of... No, no, no. You have to bring in a certified copy. Yes, Your Honor. If you have a criminal trial. And the government wants to impeach someone, a witness, who takes a stand on the commission of a felony. You have to bring in... If they're going to use that to impeach and want to get that into evidence, they have to bring in a certified copy of the judgment of conviction. I believe that the record of conviction in this case is adequate with this court's view on what conviction records are okay to look at. No, there's just a general reference to the statute. That's all you get. But there's also no challenge here that he was convicted of this crime. What we're just looking at now is, did the conduct within this crime involve moral turpitude? And at the time that the board was assessing this, the case law in this circuit said a conviction for 273.5A is categorically a crime involving moral turpitude. And so the board relied on that holding in saying, well, here we have a conviction under 273.5A. That is not contested. The court has the case saying that is a crime involving moral turpitude. Post the board's decision, this court sort of explained in further detail in Morales-Garcia that, well, it's not categorical. The statute as a whole is not categorical. We're going to make it divisible based on the relationship. And at that point, the case needs to go back to the board to determine what is the relationship in this case. And then, pursuant to also Morales-Garcia, even if it is a cohabitant, that doesn't end the case. We then would look at what is the nature of that cohabitancy. And that is something specifically for the board to consider because that's an aggravating factor. That is not an element of the crime. That is a circumstance-specific fact that the board would need to look at, and then the court would assess that determination, giving deference to the board's opinion on whether that was morally turpitudinous. And so that's why, exactly like Morales-Garcia here, this case should be sent back to the board to apply this court's law in Morales-Garcia and now consider what, figure out what was the relationship and assess the nature and then make a finding whether, under the modified categorical approach now, this crime is a crime involving moral turpitude. And that is something for the board to do in the first instance. And the government simply asked this court to do exactly what it did in Morales-Garcia, which was remand the case to the board to make this determination. And as, just briefly, as to the second crime, the board was correct in finding that conviction under 245A1 was categorically a crime involving moral turpitude. That's a crime for assault with a deadly weapon. And there's significant case law that the board relied on that holds assault with a deadly weapon is a crime involving moral turpitude. It's very clear. There's additional case law that discusses the known use or attempted use of deadly force is an act of moral depravity that takes an offense from simple assault to a crime involving moral turpitude, adding that deadly weapon factor. That necessarily involves an aggravating factor that significantly increases culpability. So that is clear. And as to the first crime, whether that's a crime involving moral turpitude, to the extent that the board can no longer just rely on Brigada, that the statute is categorically a match, this case should be remanded for the board to assess what the relationship was and then the nature of that relationship. So the government, again, asked this court to either find that both these crimes constitute crimes involving moral turpitude or to remand for the board to consider the court's new approach in Morales-Garcia. Thank you, Your Honors. Thank you, Your Honors. Briefly on rebuttal, I want to correct one very significant misstatement as to the holding of Brigada that the government repeated three times just now and repeated twice in its brief. And that is the statement that Brigada, the 1993 case, held that the 273.5 conviction is categorically a crime of moral turpitude. Your Honors, it did no such thing. And the word categorical does not appear anywhere in that decision. It made very clear, the Brigada court did, that it was saying that spousal battery is a crime of moral turpitude and that it wasn't examining other portions of the statute. By definition, if it doesn't examine the entire statute, it is not making a finding that the whole thing is a crime of moral turpitude categorically. And that's important, Your Honors, because the government, therefore, was on notice as of 1993, 16 years ago, that it needed to come forward with evidence in the first instance that the alien was a spouse or that it had some other relationship of trust or dependency, because that was the rationale in Brigada. The government didn't do so. That's why the government wants this case remanded now. And that's important to point out, as Your Honor put it, Judge Pragerson, that the government ought not get a second bite at the apple, because this court has repeatedly said, in Fernandez-Ruiz, in Tocatli, in the Notash case in 2005, that once the government has failed to put in that evidence showing that it's a crime of moral turpitude, the government does not get a second bite at the apple. In all of those cases, this court decided those legal issues and this court vacated the order of removal or reversed the order of removal. That's clear. And it's important, Your Honor, to point out that it's important to send that message to the government. In fact, the government doesn't get to assume that it will prevail on the categorical approach and it can do an inadequate job on the modified categorical approach because it will get a second chance. That's not how the modified categorical approach, frankly, works. And it's not consistent with the government's burden to prove in the first instance on clear, convincing, and unequivocal evidence that my client is removable. And that they have not done. Thank you, Your Honors. Thank you. The matter is submitted.
judges: Conlon, Pregerson, Beezer